# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOSE MARTIN VEGA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 05-3232-CV-DW-H |
| ROBERT McFADDEN, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction to entertain petitioner's complaints, it will be recommended that petitioner be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner requests that he be judicially declared indigent so that the BOP will be required to supply him with free copies and postage for litigation purposes. He has filed an "Application for Determination of Indigency Pursuant to Title 18 U.S.C. 3569; 28 C.F.R. § 571.53." Alternatively, petitioner requests that the Court enter an order directing the BOP to supply him with free copies and postage for litigation purposes.

Regarding petitioner's application for an indigency determination by the Court, 28 C.F.R. § 571.53 is applicable to an inmate whose release date is imminent, and who seeks the declaration in order to be excused from paying a committed fine. In petitioner's case, the relief he seeks is a declaration for purposes of having free copies and free postage stamps.

A review of the record indicates that petitioner has $16.40 in his commissary account at the Medical Center.  Under 28 C.F.R. § 543.11(g), inmates are required to pay for legal copies, although the BOP may waive payment if an inmate does not have funds or if the request for copies is not excessive.  Because petitioner has funds in his account, the record indicates that he was informed he would have to pay 10 cents per page for legal copies.

Additionally, pursuant to 28 C.F.R. § 540.21(a), inmates must pay for postage stamps unless the BOP determines that they do not have funds to purchase stamps.   Again, because petitioner has money in his commissary account, he was informed that he would have to pay for postage stamps.

The Supreme Court has recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The Supreme Court later explained that  Bounds did not create an abstract, freestanding right to a law library or legal assistance ····the inmate must therefore go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).  To prevail on a denial of access to the courts claim, the inmate must demonstrate that a nonfrivolous legal claim has been frustrated or is being impeded.  Id. 353.

In Blaise v. Fenn, 48 F.3d 337 (8th Cir.1995), the Eighth Circuit held that the Supreme Court's decision in Bounds does not require that inmates be provided with unlimited free postage. Id. at 339. Recently, a district court in this circuit held that inmates are likewise not entitled to unlimited free photocopies. Cody v. Slykhuis , WL 759683, *1 -2 (D.S.D. 2006).

Having fully reviewed the record, the Court finds that petitioner has no constitutional right to free postage or free photocopies.  Because he has money in his commissary account, the

BOP has determined that he is not entitled to either of these. Petitioner has failed to demonstrate that he has been denied access to courts in any fashion by virtue of the BOP's decision, and has failed to state a constitutional violation. It will therefore be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the petitioner be denied leave to proceed in forma pauperis, and that the petition for writ of habeas corpus be dismissed without prejudice.

      /s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 4/17/06